**Oreste LLANES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 11–13338**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 29, 2013.

Richard J. Diaz, Law Offices of Richard J. Diaz, PA, Coral Gables, FL, for Petitioner–Appellant.

Susan Hollis Rothstein–Youakim, Robert E. O'Neill, U.S. Attorney's Office, Tampa, FL, for Respondent–Appellee.

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

**PER CURIAM:**

Oreste Llanes, a Cuban citizen facing deportation, appeals the district court's denial of his petition for a writ of *coram nobis*. According to his petition, Llanes pleaded guilty in 1993 to federal drug charges and served an 84–month sentence. After his release, Llanes was informed that he would be deported. In 2011, Llanes petitioned for a writ of *coram nobis*,[1] challenging his 1993 conviction on the grounds that counsel failed to inform him of the immigration consequences of his guilty plea. His argument was based upon *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which held that the Sixth Amendment requires counsel to inform noncitizen criminal defendants that pleading guilty may result in deportation.

As Llanes concedes, *Padilla* was decided after his conviction became final and thus could only serve as a basis for his petition if it is retroactively applicable to cases on collateral review.[2] When Llanes filed his petition and briefed this appeal, the retroactivity of *Padilla* was an unsettled question. *See Chaidez v. United States*, ─── U.S. ───, 133 S.Ct. 1103, 1107 n. 2, 185 L.Ed.2d 149 (2013) (collecting cases). But in February, the Supreme Court resolved the conflict and held that *Padilla* does not apply retroactively to cases on collateral review. *Id.* at 1113 ("[D]efendants whose convictions became final prior to *Padilla* . . . cannot benefit from its holding."). Accordingly, the district court did not err in denying Llanes's petition.

**AFFIRMED.**

---

1. We assume, without deciding, that an ineffective-assistance claim is cognizable in a *coram nobis* petition. *See Chaidez v. United States*, ─── U.S. ───, 133 S.Ct. 1103, 1106 n. 1, 185 L.Ed.2d 149 (2013) (assuming "without deciding" that "nothing in this case turns on the difference between a *coram nobis* petition and a habeas petition").

2. Llanes's apparent contention (confusingly argued under the Florida Supreme Court's decision in *Witt v. State*, 387 So.2d 922 (Fla.

1980), which is flatly inapplicable to Llanes's federal conviction) that *Padilla* applies retroactively even as a "new rule" under the exception for "watershed" rules of criminal procedure, *see Teague v. Lane*, 489 U.S. 288, 311–12, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), is squarely foreclosed by this court's precedent. *Figuereo–Sanchez v. United States*, 678 F.3d 1203, 1209 (11th Cir.2012) ("*Padilla* did not announce a watershed rule of criminal procedure.").